UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

BRIAN RUSK,

                                      **Plaintiff,**                    10-CV-0544A (Sr)

v.

NEW YORK STATE THRUWAY
AUTHORITY, et al.

                                      **Defendants.**

---

## DECISION AND ORDER

This case was referred to the undersigned by the Hon. Richard J. Arcara, pursuant to 28 U.S.C. § 636(b)(1), for all pretrial matters and to hear and report upon dispositive motions.  Dkt. #5.

Plaintiff commenced this action pursuant to 42 U.S.C. § 1983, New York State Labor Law and New York Civil Service Law, against the New York State Thruway Authority ("NYSTA"), NYSTA Division Director, Thomas Pericak, NYSTA Executive Director, Michael Fleishcer and NYSTA Board Member, Donna Luh, alleging that his employment was terminated in retaliation for his complaints to the Office of Inspector General about the patronage hiring of William Eagan, the brother of the head of the transition team for Malcolm Smith, incoming Majority Leader of the New York State Senate.  Dkt. #1.  Specifically, plaintiff alleges that In August, 2009, plaintiff complained to the Office of Inspector General that William Eagan had been appointed to a position within the New York State Thruway Authority at nearly twice the usual starting salary for the position.  Dkt. #1.  On January 27, 2010, the New York State Office of the Inspector

General released a Final Report Pending Agency Response following its investigation into an anonymous complaint about plaintiff received in September, 2008, finding that plaintiff "conducted private business during state time and misused his state-issued telephone to engage in hundreds of telephone calls in furtherance of his personal business ventures." Dkt. #22-6, p.28.  Plaintiff was terminated on February 11, 2010.  Dkt. #1.

Currently before the Court is plaintiff's motion to compel defendants to disclose all electronic communications generated, created, drafted or sent from 2007 through the present regarding plaintiff, plaintiff's job performance, political affiliation and political activities, plaintiff's termination, and the hiring of his replacement, William Eagan. Dkt. #19.  Plaintiff's counsel asserts, "[u]pon information and belief," that "Defendants communicated amongst themselves and with others about Plaintiff, his political affiliation and activities, his actual or alleged job performance, and, most critically, the termination of Plaintiff's employment in order to make room for the patronage hiring of William Eagan." Dkt. #19, ¶ 4.

In response, counsel declares that defendants have conducted "a complete electronic retrieval" and have "provided plaintiff with all documents responsive to his discovery demands," whether "electronic or otherwise."  Dkt. #22, ¶¶ 28-29.  Counsel further declares that "[p]laintiff has been provided with all responsive e-mails and other [electronically stored information] by defendants."  Dkt. #22, ¶ 34

In reply, plaintiff seeks an affirmation from someone with personal knowledge of the search for electronically stored information addressing: "who conducted the search; whether that individual was qualified to conduct the search; the extent of the

search actually conducted; the email accounts searched; the search terms utilized; the parameters of the search; the databases and/or computer equipment searched; who made the determination, if any, as to the relevancy of the items searched and located; who made the determination, if any, as to the relevancy of the items searched and located; who made the determination, if any, as to whether certain documents were relevant and/or would be disclosed; and whether any directive regarding spoilation were given and, if so, when, by whom and to whom; and so on and so forth." Dkt. #24, ¶ 4.  Counsel for plaintiff affirms that "it is difficult to believe that only 22 pages of email correspondence would be responsive to plaintiff's discovery requests.  Dkt. #24, ¶ 6.

Plaintiff's speculation that additional e-mails exist is insufficient to overcome counsel's declaration that a search for responsive documents has been conducted and that responsive documents have been disclosed.  *See Trilegiant Corp. V. Sitel Corp.*, 275 F.R.D. 428, 436 (S.D.N.Y. 2011) ("Mere speculation as to the existence of additional documents is insufficient to warrant an order to compel."); *Rubinow v. Ingelheim*, No. 3:08-cv-1697, 2010 WL 1882320, at *7 (D. Conn. May 10, 2010) (denying motion to compel where movant unable to articulate any particular reason for belief that opposing party was withholding responsive documents).  As a result, plaintiff's motion to compel is denied.

**SO ORDERED.**

DATED:     Buffalo, New York
           December 29, 2011

                                          _s/ H. Kenneth Schroeder, Jr._
                                          **H. KENNETH SCHROEDER, JR.**
                                          **United States Magistrate Judge**

-3-