UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

BRIAN RUSK,

                              Plaintiff,

                                                                Case # 10-CV-0544-FPG

v.

                                                                   DECISION & ORDER

NEW YORK STATE THRUWAY AUTHORITY;
THOMAS PERICAK, Individually and in his Official Capacity as
Division Director of the New York State Thruway Authority;
MICHAEL FLEISCHER, Individually and in his Official Capacity as
Executive Director of the New York State Thruway Authority;
DONNA LUH, Individually and in her Official Capacity as
Board Member of the New York State Thruway Authority;
THE GOVERNOR'S APPOINTMENT OFFICE,
Non-Party subpoena received,

                              Defendants.

## BACKGROUND

This matter is on for review by the District Court of the Report, Recommendation and Order of Magistrate Judge H. Kenneth Schroeder, Jr. filed March 31, 2014. Dkt. # 82. The Plaintiff filed Objections to the Report on May 13, 2014 (Dkt. # 85) and the Defendants filed a Response on June 10, 2014 (Dkt. # 89). This case was reassigned to this Court on June 23, 2014.

For the reasons stated below, I accept the recommendation of Magistrate Judge Schroeder to deny the Plaintiff's Motion for Partial Summary Judgment (Dkt. # 46) and grant the Defendants' Motion for Summary Judgment (Dkt. # 47).

**Procedural Background**

Subsequent to the Plaintiff's termination as an employee of the New York State Thruway Authority, this action was commenced in the New York State Supreme Court, Erie County by the filing of a complaint on April 9, 2010. An amended complaint was filed on May 28, 2010,

alleging violations of the Plaintiff's rights in six separate causes of action. The Plaintiff alleges that the Defendants violated his right to due process, right to free speech, and right to political association when they terminated him. Additionally, he claims that he was retaliated against and that the Defendants violated his rights under New York State Civil Service Law and New York State Labor Law. On June 28, 2010 the action was removed to this Court. Dkt. # 1.

**Factual Background**

The Plaintiff, Brian Rusk was an Assistant Public Information Officer for the New York State Thruway Authority ("NYSTA") at the time of his termination on February 11, 2010. He was a Grade 23 employee, earning approximately $87,000 and was not in a policy making position. He began working for the NYSTA in 1996.

As Assistant Public Information Officer, the Plaintiff reported to the Division Director, Thomas Pericak, a Defendant in this action. The Executive Director at the NYSTA during the time applicable to this action was Michael Fleischer, who is also a Defendant in this lawsuit. Finally, the Defendant Donna Luh was a member of the NYSTA Board.

Other individuals involved in the activities alleged in this case involve, John Barr, the Director of Administrative Services for the NYSTA; Thomas Fitzgerald, Director of Human Services; and John Buono, Chair of the NYSTA's Board of Directors. Barr, as Director of Administrative Services, was delegated the authority to discipline and terminate employees.

While employed by the NYSTA, the Plaintiff held outside employment as a public relations consultant. On March 7, 1998 he signed a Notice of Extra Employment or Outside Activity acknowledging that he was prohibited from performing this work or activity on Authority time or use Authority facilities, equipment, materials, computer programs or data bases without prior approval. The policy specifically prohibited use of Authority telephones for

2

engaging in personal business or gain. The Plaintiff was required to interact with media, organize, arrange for, and set up public relations events.

On or about September 2, 2008, The New York State Office of Inspector General (OIG) received a complaint alleging that Brian Rusk operated a public relations business on state time and used a state telephone to conduct this business. On December 10, 2009, the OIG advised the NYSTA that it had completed the investigation and concluded that the Plaintiff had in fact operated his public relations consulting business during office hours and while utilizing his personal and NYSTA phone in violation of NYSTA policy. During the investigation, the OIG reviewed bank records and phone records to trace the Plaintiff's activities during the period of January 2008 through June 2009. The OIG recommended that disciplinary action be taken against the Plaintiff for this improper conduct. Thomas Pericak was notified of these findings on December 15, 2009. Although Pericak recommended that the Plaintiff be suspended, others at the NYSTA suggested that the Plaintiff be terminated. Pericak was directed to meet with the Plaintiff and offer him the opportunity to resign. Pericak and the Plaintiff met on December 16, 2009 when he was offered the opportunity to resign and advised that termination was likely. On January 29, 2010, the OIG issued a final report pending agency response. The report indicated misconduct by the Plaintiff for conducting personal business during state time and using state resources to further his personal ventures.

Between May 2009 and January 2010, the Plaintiff was represented by his brother, George Rusk, Esq. On May 22, 2009, Jeffrey Hagen, an investigator with OIG met with the Plaintiff and his brother and informed them that a tip had triggered the investigation by his office. On September 17, 2009, attorney George Rusk met with Mr. Hagen and advised him that William Eagan had been appointed to a position with the NYSTA that did not have duties commensurate with the salary that he was receiving. He further advised that Mr. Eagan was the

3

brother of James Eagan who headed the transition team for Malcolm Smith, the new Democratic Majority Leader for the New York State Senate. Mr. Rusk asked for whistleblower protection fearing retaliation against his brother for reporting the Eagan hiring issue.

## DISCUSSION

**Review of Report and Recommendation**

Pursuant to Rule 72(b)(3) of the Federal Rules of Civil Procedure, the District Court must determine "*de novo*" any part of the Magistrate Judge's decision that has been properly objected to. The Plaintiff filed timely objections on May 13, 2014. Dkt. # 85. The Defendant responded to those objections on June 10, 2014. Dkt. # 89.

The Plaintiff conceded that some of his claims were properly dismissed (First and Fourth Causes of Action regarding the Defendants NYSTA and LUH, and Fifth Cause of Action) while alleging that others (Second, Third and Fourth Causes of Action regarding Defendants Pericak and Fleischer, and Sixth Cause of Action) were wrongly terminated. He alleges that the Magistrate Judge improperly made factual conclusions and improperly resolved material issues of fact. Specifically, he argues that the Magistrate Judge ignored information regarding the Plaintiff's use of compensatory time to conduct personal business; the Defendants' knowledge of the Plaintiff's political activities, and the Defendants' knowledge that the Plaintiff made a whistleblower complaint that was protected.

The Defendants submit that the Magistrate Judge's recommendation was proper. They allege that there was no connection between the Plaintiff's political activities and his termination; rather, they contend that he was terminated for misconduct. They further argue that there was insufficient evidence to support the Plaintiff's position that he had the authority to conduct private business while exercising his compensatory time. Finally, the Defendants agree

with the Magistrate Judge's conclusion that there was no evidence that the NYSTA knew that the Plaintiff made a whistleblower complaint prior to his termination.

**Summary Judgment Standard**

Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). "In reaching this determination, the court must assess whether there are any material factual issues to be tried while resolving ambiguities and drawing reasonable inferences against the moving party, and must give extra latitude to a *pro se* plaintiff." *Thomas v. Irvin*, 981 F. Supp. 794, 798 (W.D.N.Y. 1997) (internal citations omitted); *see also Coach Leatherware Co., Inc. v. Ann Taylor, Inc.*, 933 F.2d 162, 167 (2d Cir. 1991).

A fact is considered to be "material" only if it "might affect the outcome of the suit under the governing law ...," and a dispute regarding a material fact is considered to be genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986); *see also Bryant v. Maffucci*, 923 F.2d 979, 982 (2d Cir.), *cert. denied*, 502 U.S. 849 (1991), and *Catanzaro v. Weiden*, 140 F.3d 91, 93 (2d Cir. 1998). A dispute regarding a material fact is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson*, 477 U.S. at 248; *see Bryant v. Maffucci*, 923 F.2d 979 (2d Cir.), *cert. denied*, 502 U.S. 849 (1991).

Once the moving party has met its burden of "demonstrating the absence of a genuine issue of material fact, the nonmoving party must come forward with enough evidence to support a jury verdict in its favor, and the motion will not be defeated merely upon a 'metaphysical

doubt' concerning the facts, or on the basis of conjecture or surmise." *Bryant*, 923 F.2d at 982 (internal citations omitted). A party seeking to defeat a motion for summary judgment

> must do more than make broad factual allegations and invoke the appropriate statute. The [party] must also show, by affidavits or as otherwise provided in Rule 56 of the Federal Rules of Civil Procedure, that there are specific factual issues that can only be resolved at trial.

*Colon v. Coughlin*, 58 F.3d 865, 872 (2d Cir. 1995). The court's role in ruling on a summary judgment motion is not to resolve issues of fact, but rather to determine "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Anderson*, 477 U.S. at 251-52. When "little or no evidence may be found in support of the nonmoving party's case ... [and] no rational jury could find in favor of the nonmoving party because the evidence to support its case is so slight, there is no genuine issue of material fact and a grant of summary judgment is proper." *Gallo v. Prudential Resid. Servs. Ltd. Partnership,* 22 F.3d 1219, 1223-24 (2d Cir. 1994) (citations omitted).

**First Cause of Action – Title 42 U.S.C. § 1983 – Due Process &**
**Fifth Cause of Action – New York State Civil Service Law § 75(1)(c)**

The Plaintiff asserted that his procedural due process rights were violated pursuant to Title 42 United States Code Section 1983 and New York State Civil Service Law Section 75 (1)(c). The Magistrate Judge found that New York Civil Service Law Section 75 had no application to the Plaintiff because he held an exempt position and therefore was not entitled to a hearing. Although initially disagreeing that the Plaintiff was an exempt employee, the Plaintiff now does not contest this finding; therefore, this Court accepts the finding by the Magistrate Judge and grants the Defendants' Motion for Summary Judgment on the First and Fifth Causes of Action.

**Second Cause of Action – Title 42 U.S.C. § 1983 – Retaliation, First Amendment**

The plaintiff claims that he was terminated in retaliation for his making a report to the OIG regarding the hire of William Eagan to the NYSTA, in violation of his First amendment rights.

In order to be successful in this cause of action the plaintiff must show: 1) that the speech was protected; 2) that he suffered an adverse employment action; and 3) that there was a causal connection between the protected activity and the employment action.

Pursuant to the principles annunciated by the United States Supreme Court in *Pickering v. Board of Education of Township High School District 205, Will County, Illinois*, 391 U.S. 563 (1968) and *Garcetti v. Ceballos*, 547 U.S. 410 (2006), when public employees make statements pursuant to their official duties, they are not speaking as citizens for First Amendment purposes and therefore such speech is not protected. The first inquiry is whether or not the Plaintiff spoke as a citizen on a matter of public concern. Here the Plaintiff was required as a public employee to speak.

The Plaintiff, as a public employee, was required to report promptly to the OIG any information regarding fraud or corruption. New York State Executive Law Section 55(1).

In any event, the Plaintiff has no First Amendment Cause of Action provided the government employer had an adequate justification for treating the employee differently from any other member of the general public.

Although the Plaintiff was clearly engaged in protected activity by reporting what he considered to be fraud or corruption in the hiring of Mr. Eagan, he has failed to establish that he was terminated due to that protected activity. The protected speech must be a substantial motivating factor in the decision to take adverse employment action. Additionally, even if the

Defendants considered the protected activity, as long as they have shown that they would have made the same decision regardless, the Plaintiff fails in his claim.

The OIG investigation into the Plaintiff's alleged improper conducting of private business during state time, using state resources began well before the Plaintiff's report to the OIG. That investigation began in September 2008. The Plaintiff, through his attorney, George Rusk, did not lodge his complaint to the OIG regarding Mr. Eagan until September 2009, a year later. He did not go on record until December 31, 2009, shortly before his brother was terminated.

Most critical is the fact that the Plaintiff has advanced no evidence that the Defendants knew of the Plaintiff's complaint to OIG. Counsel for OIG denies that he informed the Defendants of the investigation and the Plaintiff is unable to counter that affirmation. Not being privy to that information, the report to OIG could not have been a substantial motivating factor in the decision to terminate the Plaintiff.

Consequently, the Plaintiff's Second Cause of Action must fail. The Court will review the Plaintiff's claim under New York State Civil Service Law § 75-b (whistleblower statute) in a separate section of this decision.

**Third Cause of Action – Title 42 U.S.C. § 1983 – Retaliation, Right to Political Association**

The Plaintiff claims that he was terminated in retaliation for his political association. To be successful in this claim the plaintiff must show: (1) that he was engaged in a protected activity; (2) that retailiatory action was taken against him in the form of adverse employment action; and (3) that there was a causal connection between the protected activity and the adverse employment action.

Political affiliation is protected by the First Amendment. *Cotarelo v. Village of Sleepy Hollow Police Department*, 430 F.3d 2347 (2nd Cir. 2006).

Contrary to the findings of the Magistrate Judge, this Court finds that the Plaintiff has established that he was engaged in substantial political activity throughout his tenure with the NYSTA. Additionally, also contrary to the Magistrate Judge's finding, I find that the Defendants could have or should have known of these activities. The activities of the Plaintiff were simply too extensive and public to make any reasonable conclusion that the Defendants were unaware of this fact.

Nevertheless, there is no evidence set forth that the Plaintiff's political activity or background played any role in his termination. The Defendants deny that his political affiliation was ever discussed. The Plaintiff offers mere speculation that the change in leadership of the NYSTA Board from Republican to Democratic served a role in his termination. Additionally, the Plaintiff's statement that the termination action was taken by his fellow Republicans in order to curry favor from the democratically controlled Board is not supported by even a scintilla of evidence.

**Fourth Cause of Action – New York State Labor Law § 201-d**

The Plaintiff asserts that the Defendants retaliated against him because of his political association, specifically with the Republican Party. New York State Labor Law Section 201-d(1)(a). The Plaintiff concedes that he cannot support a claim against Defendants NYSTA and Luh, however, he maintains that the claim against Defendants Pericak and Fleischer in their individual capacities is proper.

The New York State Court of Claims has exclusive jurisdiction over a claim under this section of the New York State Labor Law for state authorities and Defendants in their official capacity.

Section 201-d(1)(a) of the New York State Labor Law deems it unlawful for an employer to discharge an employee from employment due to an individual's political activities which are

defined as: (i) running for public office, or (ii) participating in fundraising activities for the benefit of a candidate, political party or political advocacy group. Although the Magistrate Judge found that there was no evidence that the Plaintiff engaged in political activities as defined by that statute, this Court disagrees. The Plaintiff's declaration articulated a number of political activities that he had been involved with during his tenure with the NYSTA, in particular fundraising for the Republican Party in Amherst, New York. However, more importantly, this Court agrees with the Magistrate Judge that Defendants Pericak and Fleischer did not terminate or have the authority to terminate the Plaintiff; therefore, they would have no individual liability under this statute. Only John Barr as Director of Administrative Services was delegated with the authority to terminate the Plaintiff. Most importantly, as stated above, there is absolutely no evidence other than conjecture by the Plaintiff that his political activities or affiliation had anything to do with his termination. All of the Defendants denied that there was any consideration or even discussion about the Plaintiff's political activities. Some of these Defendants were also affiliated with the Republican Party. The Plaintiff's supposition that the Republican officials of the NYSTA agreed to terminate the Plaintiff in order to protect their own careers is pure speculation.

Therefore the Defendants' Motion for Summary Judgment as to the Fourth Cause of Action is granted.

**Sixth Cause of Action – New York Civil Service Law § 75-b- Whistleblower Statute**

In order to prove his claim under New York Civil Service Law Section 75-b, the Plaintiff must show: (1) that he disclosed information to a governmental body regarding what he reasonably believes to be improper governmental action; (2) an adverse personnel action was taken against him; and (3) there is a causal connection between the disclosure and the adverse personnel action.

A claim under New York Civil Service Law Section 75-b may only be brought against the public employer and not the individual employees in their individual capacities. 2010 WL 74303 (S.D.N.Y.). Consequently, the claims against Defendants Pericak, Fleischer and Luh, under the Sixth Cause of Action, must be dismissed.

Although the Magistrate Judge accurately finds that the person making the report was the Plaintiff's brother George Rusk, even if the Court finds that he was acting as an agent for his brother, the Plaintiff's claim still fails because, as previously found, the Plaintiff has failed to show that there is a connection between his termination and his report to the OIG. No proof has been presented to even suggest that the Defendant, NYSTA, knew of his report let alone acted adverse to him in response. Consequently, the claim against the NYSTA also fails.

Therefore, the Defendants' Motion for Summary Judgment on the Sixth Cause of Action is granted.

## CONCLUSION

Based upon the reasons stated above, I adopt the Report and Recommendation of Magistrate Judge H. Kenneth Schroeder, Jr. The Plaintiff's Motion for Summary Judgment (Dkt. # 46) as to all Causes of Action is denied, and the Defendants' Motion for Summary Judgment (Dkt. # 47) as to each Cause of Action is granted.

IT IS SO ORDERED.

Dated: August 7, 2014
Rochester, New York

HON. FRANK P. GERACI, JR.
United States District Judge