UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

BRIAN RUSK,

                                                                                                 Case # 10-CV-544-FPG

v.

                                                                                                 DECISION AND ORDER

NEW YORK STATE THRUWAY AUTHORITY, et al.,

                    Defendants.

       Plaintiff Brian Rusk alleges that he was terminated from the New York State Thruway Authority ("NYSTA") on improper grounds and in contravention of his rights under state and federal law. In August 2014, the Court granted summary judgment in Defendants' favor. ECF Nos. 92, 93. In May 2019, Plaintiff filed an *ex parte* motion to vacate. ECF No. 98. The Court ultimately denied the motion without prejudice to refiling a non-*ex parte* motion. ECF No. 105.

       Plaintiff now moves to seal his non-*ex parte* motion to vacate. ECF No. 109. Defendants oppose the motion and also move to unseal the documents filed, and the orders issued, in conjunction with Plaintiff's *ex parte* motion. ECF No. 112. For the reasons that follow, Plaintiff's motion to seal is DENIED and Defendants' motion to unseal is GRANTED.[1]

       Briefly stated, Plaintiff alleges that "John Doe," an employee (or former employee) of the NYSTA, informed his attorney that the NYSTA had destroyed relevant emails while Plaintiff's lawsuit was pending. Furthermore, John Doe claims that one of the defense attorneys in this case knew about the destruction of the evidence but proceeded to make false representations to the Court about the existence of such evidence. On that basis, Plaintiff moves to vacate the judgment.

---

[1] Defendants move to unseal the documents associated with the *ex parte* motion "for their view only." ECF No. 122 at 3. But because Plaintiff does not come close to making the requisite showing to justify sealing, the Court unseals the documents fully for public disclosure and does not limit it to Defendants alone.

1

Initially, Plaintiff filed his motion *ex parte* and referred to John Doe by pseudonym, alleging that Doe feared retaliation from NYSTA and was otherwise concerned about his "economic, personal and professional well-being" should his name be revealed. In his current motion to seal, Plaintiff similarly requests that the materials related to his motion be placed under seal and that the identities of John Doe and the accused defense counsel be redacted. Plaintiff claims that defense counsel's identity should be kept from public disclosure given her privacy interests and the serious nature of the allegations.

The Court appreciates that Plaintiff has taken the steps he has taken not to protect his own interests, but those of a non-party and opposing counsel. Nevertheless, two developments in this case wholly undercut the reasons Plaintiff proffers for sealing. First, Defendants and the accused defense counsel oppose Plaintiff's motion to seal, stating that counsel "needs full disclosure if she is to defend herself and the Defendants from Plaintiff's counsel's accusations of fraud on the Court."[2] ECF No. 112-1 at 19. Second, John Doe did not take up the Court's invitation to intervene in the case and be heard on the matter.[3] *See* ECF No. 119. Thus, these individuals do not themselves invoke the privacy interests that Plaintiff attempts to raise on their behalf.

Accordingly, an extended analysis of the motions is unnecessary, as the Court can readily conclude that neither sealing nor redaction is appropriate. It is well-established that the public has a right to access judicial documents that may not be overcome absent a strong countervailing showing. *See, e.g.*, *In re Avaya, Inc.*, No. 17-10089, 2019 WL 1750908, at *6 (S.D.N.Y. Mar. 28,

---

[2] Furthermore, it is unfortunately fairly commonplace for attorneys to be accused (and accuse one another) of discovery or litigation misconduct in the course of a lawsuit. The Court is unconvinced that a mere accusation of misconduct in the oftentimes rough-and-tumble world of civil litigation merits the sort of privacy protections Plaintiff seeks.

[3] The Court notes that Plaintiff filed affidavits of service attesting that he mailed copies of the Court's order to John Doe and John Doe's counsel. *See* ECF No. 121. Moreover, it is evident from Plaintiff's prior filings that John Doe and his counsel have been aware of these proceedings for several months and took no action to participate. *See, e.g.*, ECF No. 116 at 3.

2019) ("The person who seeks to prevent disclosure must support his request with a *concrete showing of potential harm.*" (emphasis added)); *Williams v. Bean*, No. 16-CV-1633, 2017 WL 5179231, at *18 (D. Conn. Nov. 8, 2017) ("[A]ny claimed exception to the right of access should be based on a particularized showing of need."). Likewise, a strong showing is required to justify non-disclosure of a witness's name to the opposing party. *See, e.g.*, *Plumbers & Pipefitters Local Union No. 630 Pension-Annuity Trust Fund v. Arbitron, Inc.*, 278 F.R.D. 335, 344 (S.D.N.Y. 2011). Because Plaintiff only relies on hearsay and speculation to support his request, he has not met these stringent standards.[4] Therefore, Plaintiff's motion to seal (ECF No. 109) is DENIED and Defendants' motion to unseal (ECF No. 112) is GRANTED. The Court orders as follows:

1. The Clerk of Court shall fully unseal the following documents on the docket: ECF Nos. 98, 99, 102, 103, 104, 105, 107, 108, 113, 114, 115, 116, 117, 120, 121.

2. By August 14, 2020, Defendants shall file unredacted versions of their motion to unseal and reply brief (ECF Nos. 112, 122).

3. By August 14, 2020, Plaintiff shall provide, by mail or electronically, John Doe and his counsel with copies of this Decision & Order. By August 17, 2020, Plaintiff shall file a certificate of service (and may redact John Doe's and his counsel's addresses therein).

4. By August 21, 2020, Plaintiff shall file his motion to vacate publicly. In his motion, Plaintiff shall not redact the identities of John Doe or the accused defense counsel, nor may he refer to John Doe or the accused defense counsel by pseudonym.

5. To the extent Plaintiff requests post-judgment discovery in conjunction with his motion to vacate, Plaintiff shall file such request as a separate motion.

6. Moving forward, neither party shall redact the identity of or refer pseudonymously to John Doe or the accused defense counsel.

IT IS SO ORDERED.

Dated: August 7, 2020  
Rochester, New York

HON. FRANK P. GERACI, JR.  
Chief, United States District Court

---

[4] For the same reason, the Court denies as unnecessary Plaintiff's request for an order barring Defendants from retaliating against John Doe.